UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 18-20133-CIV-MORENO

NORA SANDIGO, as guardian ad litem and
best friend of the Class Plaintiffs,

        Plaintiffs,

vs.

DONALD J. TRUMP, President of the United
States,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (**D.E. 12**), filed on **March 30, 2018**. Because Plaintiffs failed to file a response to the motion to dismiss, the Court grants the motion by default pursuant to Local Rule 7.1(c). Additionally, the Court notes that it grants the motion to dismiss **with prejudice**, not because Plaintiffs failed to file a response to the motion to dismiss, but because all of Plaintiffs' claims fail for either lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

Plaintiffs, who are the children of undocumented parents who are either being deported or face the possibility of deportation, argue that the removal of their parents violates their constitutional rights by causing their de facto removal as well. Specifically, Plaintiffs allege six causes of action. The first cause, in which Plaintiffs seek a writ of mandamus directing the Defendant, the President of the United States, to stay removal proceedings against their alien parents, is dismissed for lack of subject matter jurisdiction. Statutory law is clear. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate

cases, or execute removal orders against any alien under this chapter," "[e]xcept as provided in this section." Under section 1252(a)(5), a direct suit filed in the relevant federal court of the appeals is "the sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C § 1252(a)(5). *See Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 700 (11th Cir. 2011) (recognizing that pursuant to section 1252(a)(5), "an order of removal may be reviewed only by a court of appeals after the filing of a petition for review.").

Here, Plaintiffs are seeking in count one to prohibit the removal of their alien parents. Though Plaintiffs are admittedly United States citizens—making it seem at first glance that they are exempt from the jurisdictional confines of section 1252(g), *see Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013)—a close reading of the complaint makes clear that they are suing in count one "on behalf" of their alien parents. Plaintiffs state, in no unclear terms, that they seek for the Court "[t]o issue a Mandamus to the Defendant ordering him to grant a deferred action to the Parents of this Plaintiff Class and to give a stay of deportation or removal of the Parents . . . *[in order to] to allow the return of the parents [who] were wrongfully deported.*" (emphasis added). Accordingly, the Court dismisses the first claim for lack of subject matter jurisdiction.[1]

The rest of Plaintiffs' claims fail for a myriad of reasons. Claims two through five, in which Plaintiffs allege violations of their rights under the Fifth, Ninth, and Tenth Amendments, are barred by the doctrine of res judicata, as those claims were already made by plaintiffs in a prior action. *See Lagos v. Clinton*, No. 98-0220 (S.D. Fla. 1999). In order for res judicata to bar a subsequent suit, four elements must be present: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved

---

[1] The Court likewise dismisses the rest of Plaintiffs' claims for lack of subject matter jurisdiction to the extent Plaintiffs seek to sue the government on behalf of their parents.

2

in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

Addressing each element in turn, first, the dismissal of plaintiffs' 1998 lawsuit in *Lagos* was a final judgment on the merits. In that case, the court granted the defendants' motion to dismiss, holding that the deportation of alien parents did not violate the constitutional rights of the citizen children. *Lagos*, No. 98-0220, at *4-11. Accordingly, the court dismissed the complaint for failure to state a claim. *Id.* at *12. Here, because a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,'" the first element of the res judicata standard is satisfied. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 299 n.3 (1981). Second, the court that entered the order dismissing *Lagos* was a court of competent jurisdiction: the United States District Court for the Southern District of Florida.

As for the third element, the parties are essentially identical in both lawsuits. In *Lagos*, the guardians ad litem suing on behalf of the citizen children were officers of the Nicaraguan Fraternity, Inc. Here, Nora Sandigo, the guardian ad litem for the citizen children, is the executive director of the American Fraternity, Inc. In 2003, the Nicaraguan Fraternity, Inc. changed its name to the American Fraternity, Inc. As such, the guardians ad litem in both this action and *Lagos* are employees of the same organization. Under the concept of "virtual representation," parties are in privity "when the respective interests are closely aligned and the party to the prior litigation adequately represented those interests." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (quoting *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 587 (11th Cir. 1983)).

Further, just as the *Lagos* court held, counts two through five can also be readily dismissed for failure to state a claim, as virtually every court has already determined them to be without merit. *See, e.g., Gonzales-Cuevas v. INS*, 515 F.2d 1222, 1224 (5th Cir. July 1975) (holding that "(1) [l]egal orders of deportation to [citizen children's] parents do not violate any constitutional

3

right of citizen children and . . . (2) Petitioners' violations of the immigration laws create no extraordinary rights in them, directly or vicariously through their citizen children, to retain their illegally acquired residency status in this country while awaiting legalization of their entry and right to remain through the issuance of visas."); [2] *Aguilar v. INS*, 638 F.2d 717, 719 (5th Cir. Unit B Jan. 1981); *Perdido v. INS*, 420 F.2d 1179, 1181 (5th Cir. Dec. 1969); *Movimiento Democracia Inc. v. Chertoff*, 417 F. Supp. 2d 1350, 1353 (S.D. Fla. 2006) (Moreno, J.); *Martinez-Velasquez v. Holder*, 311 F. App'x 476, 478-79 (2d Cir. 2009); *Payne-Barahona v. Gonzales*, 474 F.3d 1, 2 (1st Cir. 2007); *Oforji v. Ashcroft*, 354 F.3d 609, 618 (7th Cir. 2003); *Gallanosa v. United States*, 785 F.2d 116, 120 (4th Cir. 1986); *Newton v. INS*, 736 F.2d 336, 343 (6th Cir. 1984); *Acosta v. Gaffney*, 558 F.2d 1153, 1157-58 (3d Cir. 1977); *Cervantes v. INS*, 510 F.2d 89, 91-92 (10th Cir. 1975).

The Court dismisses the final count, a claim for laches, for failure to state a claim. As Plaintiffs themselves recognize in their complaint, laches is an affirmative defense, not a cause of action. *See Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1283 (explaining that "laches is a defense sounding in equity") (11th Cir. 2015).

As a final note, though not determinative of this Court's decision to dismiss the case with prejudice, the Court cautions Plaintiffs' attorney to avoid drafting shotgun pleadings. In each count, Plaintiffs' attorney adopts all the allegations of the preceding counts, making it impossible to determine what facts are relevant for each count, and further, the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015).

---

[2] The decisions of the former Fifth are binding on this Court. As the Eleventh Circuit Court of Appeals explained, "the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Accordingly, based on the foregoing, it is

**ADJUDGED** that Defendant's Motion to Dismiss **(D.E. 12)**, filed on **March 30, 2018**, is **GRANTED**, and Plaintiffs' First Amended Complaint **(D.E. 9)**, filed on **February 1, 2018**, is **DISMISSED WITH PREJUDICE**. It is further

**ADJUDGED** that based on Plaintiffs failing to obtain written consent of the Defendant or the Court's leave to amend their complaint again, pursuant to Federal Rule of Civil Procedure 15(a), the Court **GRANTS** Defendant's Motion to Strike **(D.E. 14)**, filed on **April 23, 2018**, and therefore strikes the second amended complaint **(D.E. 13)**, filed on **April 9, 2018**. In light of the Court's dismissal, the Court further **DENIES AS MOOT** Plaintiffs' Motion for Default Judgment **(D.E. 16)**, filed on **May 7, 2018**, Plaintiffs' Motion to Certify Class **(D.E. 19)**, filed on **July 1, 2018**, and Defendant's Motion for Extension of Time **(D.E. 21)**, filed on **July 16, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ of March 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

5